## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL ACTION NO. 5:25-CV-00055-KDB-DCK

| | |
|---|---|
| NICOLE CROTTS,<br><br>**Plaintiff,**<br><br>v.<br><br>MOORESVILLE HOSPITAL MANAGEMENT ASSOCIATES, LLC,<br><br>**Defendant.** | <u>**MEMORANDUM AND ORDER**</u> |

**THIS MATTER** is before the Court on Defendant Mooresville Hospital Management Associates, LLC's[1] Partial Motion to Dismiss (Doc. No. 5) Plaintiff Nicole Crotts' sex discrimination claim against it. The Court has carefully considered this motion, to which Crotts has not responded. For the reasons discussed below, the Court will **GRANT** the motion.

### I.     LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court,

---

[1] Mooresville Hospital Management Associates, LLC, does business as Lake Norman Regional Medical Center, Inc. Doc. No. 5 at 4.

however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

When deciding a motion to dismiss, "a court considers the pleadings and any materials 'attached or incorporated into the complaint.'" *Fitzgerald Fruit Farms LLC v. Aseptia, Inc.*, 527 F. Supp. 3d 790, 796 (E.D.N.C. 2019) (quoting *E.I. du Pont de Nemours & Co.,* 637 F.3d at 448). The Court may also consider documents attached to a motion to dismiss when they are "integral and explicitly relied on in the Complaint," and where "plaintiffs do not challenge [the document's] authenticity." *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).

## II.    FACTS AND PROCEDURAL HISTORY

Crotts held various positions at Davis Regional Medical Center ("Davis") until its closure in 2022. Doc. No. 3 at ¶ 5. Following the facility's shutdown, Crotts and other staff members were transferred to Lake Norman Regional Medical Center ("MHMA"). *Id.* In August 2022, MHMA appointed Crotts as Director of Women's Services. *Id.* at ¶ 6. On October 27, 2022, Crotts met with executive leadership to report a physician's alleged comment to a staff nurse that "women are

only put on this earth to have babies," as well as the physician's purported efforts to impose his religious views on colleagues. *Id.* at ¶ 10. Crotts does not claim to have been present during the conversation.

On or around December 14, 2022, Crotts received a complaint from a nurse alleging sexual harassment by a physician. *Id.* at ¶ 14. Crotts asserts that she reported the incident, though she does not identify the recipient of her report. *Id.* Five days later, Crotts' employment was terminated. *Id.* at ¶ 15. Crotts further alleges that she was "subjected to inappropriate sexist remarks by members of the physician staff," but provides no details regarding the content, timing, or source of the remarks, other than stating that she reported the conduct. *Id.* at ¶ 24.

After filing a Charge of Discrimination for racial discrimination and retaliation with the Equal Employment Opportunity Council ("EEOC"), *see* Doc. No. 5-2 at 1-2,[2] and receiving a Right to Sue notice, Crotts initiated the present action against MHMA, asserting claims of racial and sex discrimination, and retaliation. Doc. No. 3 at ¶¶ 17–31. MHMA timely filed a partial motion to dismiss the sex discrimination claim. *See* Doc. No. 5. The matter is now ripe for this Court's review.

### III. DISCUSSION

As an initial matter, Crotts has not responded to MHMA's Motion to Dismiss. "The Fourth Circuit has made clear that a party waives an argument … by failing to develop its argument— even if its brief takes a passing shot at the issue." *Bigelow Corp. v. Hounds Town USA, LLC*, No. 323CV00134-FDW-SCR, 2023 WL 4939386, at *3 (W.D.N.C. Aug. 2, 2023) (quoting *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017)). *See also City of Brevard v. CDM*

---

[2] The Court finds the EEOC Complaint, provided by MHMA, to be integral to the Complaint and Crotts has not contested its authenticity.

*Smith, Inc.*, No. 1:20-cv-160-MR-WCM, 2021 WL 1015858, at \*6 (W.D.N.C. Feb. 2, 2021) (collecting cases holding that when plaintiffs fail to respond to a motion to dismiss argument, courts may assume they concede the merits of that argument). "However, even where a motion to dismiss goes unchallenged, 'the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper.'" *Id.* at \*4 (quoting *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014)).

Turning to MHMA's Motion, the Court first addresses its contention that Crotts' sex discrimination claim is barred because she failed to exhaust her administrative remedies. As a threshold matter, "[b]efore a plaintiff has standing to file suit under Title VII, [s]he must exhaust h[er] administrative remedies by filing a charge with the EEOC." *Cowgill v. First Data Techs., Inc.*, 41 F.4th 370, 383–84 (4th Cir. 2022) (quoting *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124, 132 (4th Cir. 2002)). *See also Patterson v. McLean Credit Union,* 491 U.S. 164, 181 (1989), *superseded on other grounds by* 42 U.S.C. § 1981(b). This requirement ensures that the employer is placed on notice of the alleged violations and afforded an opportunity to resolve the matter informally. *Id.* at 384; *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005). Failure to exhaust administrative remedies generally bars the claim. *See*, *e.g.*, *Miles,* 429 F.3d at 491; *Bryant*, 288 F.3d at 132.

The exhaustion requirement also limits the scope of the federal action to those claims and parties identified in the administrative charge. *See* 42 U.S.C. § 2000e–5(f)(1); *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593–94 (4th Cir. 2012)*.* Thus, "when the claims in [a Plaintiff's] court complaint are broader than 'the allegation of a discrete act or acts in [the] administrative charge,' they are procedurally barred." *Parker v. Reema Consulting Servs., Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 508–10 (4th Cir. 2005)).

The Fourth Circuit has consistently held that a claim is barred where the administrative charge alleges one form of discrimination—such as racial discrimination—and the complaint asserts another—such as sex discrimination. *Sydnor,* 681 F.3d at 593–94 (citing *Bryant,* 288 F.3d at 132–33); *see also Wooten v. Univ. of Maryland, Baltimore*, 733 F. Supp. 3d 402, 424 (D. Md. 2024) (holding that a claim for unequal pay was barred where the charge alleges failure to promote); *Sloop v. Mem'l Mission Hosp., Inc.,* 198 F.3d 147, 149 (4th Cir. 1999) (Title VII retaliation claim barred when administrative charges alleged only age discrimination).

"Nevertheless, an EEOC charge does not strictly limit a ... suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Wooten,* 733 F. Supp. 3d at 424 (quoting *Miles,* 429 F.3d at 491) (citations and internal quotations omitted). Recognizing that EEOC charges are often drafted without legal assistance, courts must construe them "with utmost liberality." *Id.* (quoting *Balas v. Huntington Ingalls Indus., Inc.*, 711 F.3d 401, 408 (4th Cir. 2013)) (citations and internal quotations omitted). Accordingly, a federal court may hear a claim not expressly raised in the charge if it is "reasonably related" to the allegations therein and could be expected to arise from a "reasonable administrative investigation." *Id.* (quoting *Sydnor*, 681 F.3d at 594) (citations omitted). Even so, the Fourth Circuit has yet to establish a brightline rule for determining when such a reasonable relation exists.[3] *Id.* (citations omitted).

---

[3] Although no clear rule exists, several Fourth Circuit decisions are illustrative. For example, the Fourth Circuit has found exhaustion "where both the administrative complaint and formal litigation concerned 'discriminat[ion] in promotions' but involved different aspects of the 'promotional system,'" *Sydnor,* 681 F.3d at 594 (quoting *Chisholm v. U.S. Postal Serv.,* 665 F.2d 482, 491 (4th Cir. 1981)). Similarly, it has found exhaustion "where both the EEOC charge and the complaint included claims of retaliation by the same actor but involved different retaliatory conduct." *Id.* (citing *Smith v. First Union Nat. Bank*, 202 F.3d 234, 248 (4th Cir. 2000)).

Applying this framework, the Court finds that Crotts' EEOC Complaint alleges only racial discrimination and retaliation. *See* Doc. No. 5-1 at 1–2. Although Crotts' EEOC Complaint references a report she received from a staff member concerning alleged sexual harassment, it includes no allegations that Crotts herself was subjected to sex discrimination. Moreover, Crotts has not responded to MHMA's Motion or otherwise contested its arguments. Accordingly, her claim of sex discrimination is not reasonably related to the allegations in her EEOC Complaint and will therefore be dismissed for failure to exhaust administrative remedies.[4]

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Partial Motion to Dismiss (Doc. No. 5) is **GRANTED**; and

2. This case shall **proceed toward trial on the merits on the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.
Signed: October 31, 2025

Kenneth D. Bell
United States District Judge

---

[4] Because Crotts' sex discrimination claim is procedurally barred, the Court need not address whether the claim would otherwise fail under Rule 12(b)(6).